OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Cleveland Bar Association v. Bosco.
[Cite as Cleveland Bar Assn. v. Bosco (1993),        Ohio St.3d        .]
Attorneys at law -- Misconduct -- One-year suspension with final six months stayed and respondent placed on two-year probation with conditions -- Conduct involving dishonesty, fraud, deceit or misrepresentation -- Use of respondent's name in legal professional assocation's name while not holding shares in the association.
(No. 93-1331 -- Submitted August 16, 1993 -- Decided October 20, 1993.)
On Certified Report by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 92-22.

In a complaint filed April 22, 1992, relator, Cleveland Bar Association, charged respondent, John William Bosco of Beachwood, Ohio, Attorney Registration No. 0005857, with three counts of disciplinary infractions. In his answer, respondent admitted the allegations in the first count of the complaint as well as certain factual allegations in the second and third counts. Thereafter, a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") held a hearing on February 22, 1993.

As to the first count, respondent's admissions and evidence at the hearing established that respondent falsely stated that he had paid to another attorney one-third of the approximately $25,000 fee he earned as a receiver in the Rand v. Ambassador Lanes case. In fact, respondent had retained the entire fee and used the proceeds to pay his rent, child support and other bills. Respondent made these false assertions to a domestic relations court and in sworn testimony during a creditor's examination in the course of his personal bankruptcy in federal court. In a separation agreement, respondent had earlier agreed to pay his wife, as part of a property division, one-third of the net fee respondent received in connection with the Rand case. Subsequently, respondent paid his former wife the full amount to which he had agreed. The panel concluded that respondent had violated DR 1-102(A)(4)(conduct involving dishonesty, fraud, deceit, or misrepresentation) and

1-102(A)(5)(conduct prejudicial to the administration of justice).

As to the third count, the panel found that respondent had practiced law from 1982 to 1989 in a firm known as "Bernard, Haffey & Bosco Co., L.P.A." Gov. Bar R. III(2)(A) states that the name of a legal professional association shall consist, inter alia, of the name of "one or more of the active shareholders." Since respondent never held shares in this legal professional association, the board found "a technical violation" of DR 2-102 (professional notices, letterheads and offices). However, the violation had ended prior to the complaint's being filed.

As to the second count, the panel found that contrary to his former wife's assertions, respondent had not improperly threatened to withhold child support or her mortgage payments. The panel also found respondent was a recovering alcoholic and reformed gambler. Since 1983, respondent had been active with Alcoholics Anonymous and, since 1987, he had been a member of Gamblers Anonymous. However, the panel found insufficient evidence to establish any mitigation.

The panel recommended that respondent be suspended from the practice of law in Ohio for one year. However, the panel recommended that the final six months of that suspension be stayed and respondent then be placed on probation for two years. As conditions of probation, the panel recommended that respondent actively participate in the Alcoholics Anonymous and Gamblers Anonymous programs and that respondent be monitored during the probationary period. The board adopted the findings, conclusions of law, and recommendation of the panel, and further recommended that costs be taxed to respondent.

Keith A. Ashmus, Steven S. Kaufman and Franklin J. Hickman, for relator.

Charles Brown and Thomas G. Longo, for respondent.

Per Curiam. We agree with the board's findings and recommendation. Accordingly, we suspend respondent from the practice of law in Ohio for one year; however, the final six months of that suspension are stayed for a period of two years, and respondent is placed on probation for those two years upon the conditions set forth in the board's report. Costs taxed to respondent.

Judgment accordingly.

A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.

Moyer, C.J., not participating.